STATE, EX REL. DAVIDSON, *v.* MILLER, TREASURER.

[No. 17,470. Filed June 9, 1896.]

DELINQUENT TAXES.—*Deduction of from County Order.*—Delinquent taxes against the payee of a county order may be deducted by the county treasurer from an order presented for payment where such order, issued and accepted by the payee, contained the provision that the same was allowed subject to all delinquent taxes owing by payee.

From the Tippecanoe Circuit Court. *Affirmed.*

*R. P. Davidson,* for appellant.

*W. A. Ketcham,* Attorney-General, *J. B. Milner* and *W. R. Harrison,* for appellee.

MONKS, C. J.—Upon motion and affidavit of relator, an alternative writ of mandate was issued by the court below, commanding appellee, treasurer of Tippecanoe county, to pay relator certain county orders, payable to the relator for services as coroner of said county, or show cause, etc. Appellee appeared and filed a return to said writ, which was in substance that said warrants were issued, subject to all delinquent taxes owing by relator for State, county, township, and other purposes, and that, at the time the relator presented the county orders mentioned to appellee and demanded payment, that there was in the hands of appellee, for collection, delinquent taxes against the relator which amounted to $31.97, certified by the auditor of said county as correct after the third Monday in April, 1893; that when said relator presented said county orders for payment, appellee offered to pay the same less the amount of relator's delinquent taxes and to give him a receipt for said taxes, but relator refused to accept such payment or permit such deduc-

State, *ex rel.* Davidson, *v.* Miller, Treasurer.

tion; that appellee, as such treasurer, has at all times been ready and willing to pay said county orders, by giving said relator tax receipts for said delinquent taxes, and to pay him the balance due on said orders when presented for payment. To this return a demurrer for want of facts was filed and overruled, to which ruling an exception was taken. Appellant refusing to plead further, judgment was rendered in favor of appellee.

The only error assigned calls in question the action of the court in overruling appellant's demurrer to the return to the alternative writ.

The relator admits, by his demurrer, that when he presented his orders to appellee that he justly owed $31.97 delinquent taxes, and that the same was properly in appellee's hands for collection, and also that said warrants issued to and accepted by him contained a provision that the amount stated in each was allowed subject to all delinquent taxes owing by relator, the payee of said warrants, for State, county, township, and other purposes.

Appellant having accepted said warrants containing the provision that his delinquent taxes should be deducted before payment to him, that is, that said taxes should be a payment on the warrants for the amount thereof, he is bound thereby. His rights are governed by the terms of the warrants he seeks to enforce.

He was only entitled to demand and receive from appellee, as county treasurer, the amount of said warrants less his delinquent taxes. The duty of appellee, under the provisions of the warrants, was to give appellee a receipt for the amount of his delinquent taxes and pay the balance due on the warrants in money. This the appellee, as shown by the return to the alternative writ, offered to do.

Whether the board of commissioners erred in allowing relator's claim subject to the payment of the delinquent taxes is not the question here. If the allowances were so made to the relator by the board of commissioners and were erroneous, the same could have been corrected by an appeal to the circuit or superior court.

By accepting the warrants containing the provisions named, issued by the auditor on said orders of allowance, the relator agreed thereto, and cannot now complain. He predicates his right to recover in this action upon said warrants, and can only recover according to the terms thereof.

There was no error, therefore, in overruling the demurrer to the return to the alternative writ.

Judgment affirmed.